# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-02605-VAP (KKx)                    Date:  April 24, 2015

Title:       LIWANAG -*v*- BANK OF AMERICA, N.A., ET AL.
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:       MINUTE ORDER VACATING HEARING AND DENYING
                   MOTION TO REMAND (IN CHAMBERS)

     Plaintiffs move this Court to remand this action to state court, from which it was removed by Defendant.  The Motion is appropriate for resolution without a hearing, and accordingly, the Court VACATES the hearing set for April 27, 2015.  See Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons stated below, the Court DENIES the motion.

## I. BACKGROUND

     On October 30, 2014, Plaintiffs filed the present action in the Superior Court of the State of California, County of San Bernardino, as Case No. CIV DS 1416394. (Doc. No. 1, Ex. A ("Complaint") at 1.)  The Complaint asserts three causes of action, all under state law, relating to a mortgage of Plaintiffs' home ("the property"). (Complaint at 3, 5, 8.)  Among other forms of relief, Plaintiffs request "a declaration

MINUTES FORM 11                        Initials of Deputy Clerk ___md_____
CIVIL -- GEN                    Page 1

EDCV 14-02605-VAP (KKx)
LIWANAG v. BANK OF AMERICA, N.A., ET AL.
MINUTE ORDER of April 24, 2015

that Plaintiffs are the true and rightful owners of the subject property" and a "permanent injunction preventing defendant ... from causing the property to be sold, assigned, transferred to a third party, or taken by anyone or any entity." (Complaint at 9.)

On December 22, 2014, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. (Doc. No. 1 ("Removal Notice").) Defendant contends that this Court has diversity jurisdiction under 28 U.S.C. § 1332. In support of jurisdiction, Defendant relies on the following contentions:

1.   Plaintiffs are citizens of California. (Removal Notice at ¶ 8.)
2.   Defendant is a citizen of North Carolina. (Removal Notice at ¶ 9.)
3.   The property at issue is valued at $378,905. (Removal Notice at ¶ 19.)

## II. LEGAL STANDARD

Except as otherwise provided by U.S. law, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Here, original jurisdiction is alleged on the basis of diversity of citizenship. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332.

If the initial pleading seeks non-monetary relief, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(i). In such case, the removing party bears the burden of proving the amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).

## III. DISCUSSION

## A. Diversity of Citizenship

MINUTES FORM 11                                    Initials of Deputy Clerk ___md_____
CIVIL -- GEN                            Page 2

Defendant alleges, and Plaintiffs do not contest, that Plaintiffs are citizens of California.  (Removal Notice at ¶ 8.)

It is also uncontested that Bank of America, N.A. ("BANA") is a national bank with its main office in North Carolina.  "[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located."  Rouse v. Wachovia Mortgage, FSB, 747 F.3d 707, 709 (9th Cir. 2014).  Accordingly, BANA is a citizen of North Carolina for diversity purposes.

"In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Accordingly, the citizenship of Defendant Does 1-10 are disregarded.

Because Plaintiffs are citizens of California and the only named Defendant is a citizen of North Carolina, there is complete diversity of citizenship between the parties.

**B. Amount in Controversy**

Diversity Jurisdiction also requires that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then that property is the object of the litigation.  See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973); see also Reyes v. Wells Fargo Bank, N.A., No. C-10-01667JCS, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010).

Here, Plaintiffs seek, among other forms of relief, an injunction preventing Defendant from selling property and a declaration that Plaintiffs are the rightful

EDCV 14-02605-VAP (KKx)
LIWANAG v. BANK OF AMERICA, N.A., ET AL.
MINUTE ORDER of April 24, 2015

owners of the property.[1]  (See Complaint at 9, Prayers for Relief 3, 4.)  The ownership of the property is at issue, and thus the property is the object of this litigation. Therefore, the amount in controversy is determined by looking to the value of the property.

Defendant requests that this Court take judicial notice of the 2014 Property Tax Assessment for the property at issue, which is available on the San Bernardino County Assessor's website.  (Doc. No. 4.)  Because this represents a public record available on a government website, it is the proper object of judicial notice. Accordingly, the request is GRANTED.

According to the 2014 Property Tax Assessment, the property is valued at $378,905.  There is no evidence to contradict this valuation, so Defendant has proved the value of the property by a preponderance of the evidence.  Because the value of the property at issue in this action exceeds $75,000, the amount-in-controversy requirement is met.

Accordingly, this Court has original jurisdiction over the action, and removal was proper.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' motion to remand is DENIED.

**IT IS SO ORDERED.**

_____

[1] Plaintiffs' motion to remand ignores several of the forms of relief requested and attempts to re-characterize this entire action as simply seeking damages for a wrongful denial of a loan modification.  According to Plaintiffs, "the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan."  (Doc. No. 8 at 8.)  But Plaintiffs seek additional relief beyond damages for denial of a loan modification, which undermines this argument.

MINUTES FORM 11                                    Initials of Deputy Clerk ___md_____
CIVIL -- GEN                         Page 4